**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 20-CR-109 (ABJ) |
| : | |
| MICAH EUGENE AVERY, JR., : | |
| : | |
| Defendant. : | |

**THE UNITED STATES OF AMERICA'S MOTION TO COMPEL DEFENDANT
TO DISPLAY HIS TATTOOS TO A LAW ENFORCEMENT PHOTOGRAPHER**

The United States of America, by and through the United States Attorney for the District of Columbia and undersigned counsel, respectfully moves this Court for an order compelling Defendant to display the tattoos on his arms and legs to a law enforcement photographer. The bases for the United States' motion follow.

**FACTUAL SUMMARY**

On May 30, 2020, Defendant was arrested after he was observed by law enforcement officers applying spray paint to the Lincoln Memorial grounds. In addition to observing Defendant apply the spray paint, law enforcement officers were able to photograph Defendant holding a can of spray paint before he was arrested.

 

1

Due to the COVID-19 outbreak, Defendant was wearing a face covering on May 30, 2020, and his identifiable facial features are not visible in the photographs. What is visible, however, are tattoos on both of Defendant's arms and his right lower leg.

### ARGUMENT

On understanding and belief, the United States anticipates that Defendant may challenge his identification at trial, or in a pretrial motion, given that he was wearing a mask when he was observed by law enforcement and there were a large number of people on the National Mall on May 30, 2020, many of whom were wearing all black clothing and facemasks. Consequently, the United States requests that the Court issue an order to compel Defendant to display to a law enforcement photographer the same tattoos that were displayed by Defendant on May 30, 2020, when he was dressed in shorts and a short-sleeved t-shirt.

**1.   Compelling Defendant to Display Tattoos for Photography Does Not Implicate the Fourth Amendment**

The Fourth Amendment prohibits unreasonable searches and seizures absent the issuance of a search warrant. U.S. CONST. amend. IV. "[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures." United States v. Holmes, 385 F.3d 786, 792 (D.C. Cir. 2004) (quoting Terry v. Ohio, 392 U.S. 1, 9 (1968)).

Compelling a person to show their tattoos does not violate the Fourth Amendment. In this case, the search would be no more onerous than obtaining Defendant's fingerprints and, under the circumstances, would not be unreasonable. As the D.C. Circuit has long held, "it is elementary that a person in lawful custody may be required to submit to photographing." Smith v. United States, 324 F.2d 879, 882 (D.C. C.ir. 1963) (citing United States v. Amorosa, 167 F.2d 596, 599 (3d Cir. 1948)). Moreover, Supreme Court caselaw holds that temporary seizures to obtain identifying information, such as fingerprints, are permissible. Davis v. Mississippi, 394 U.S. 721,

727 (1969).  As the Court noted in Davis, such detentions ". . . constitute a much less serious intrusion upon personal security than other types of police searches and detentions."  Id.

Defendant has been detained since his arrest and, he has no reasonable expectation of privacy in his personal appearance.  Even if that weren't true, however, he would not have basis to object to law enforcement officers photographing the tattoos on his arms and hands for the purpose of establishing identity, because that act does not constitute an unreasonable search and seizure.  Accordingly, the Court may compel Defendant to display the tattoos on his arms and hands so that a law enforcement officer can photograph them.

**2.     Compelling Defendant to Display Tattoos for Photography Does Not Implicate the Fifth Amendment**

The Fifth Amendment provides that "no person shall be compelled in any criminal case to be a witness against himself[.]"  U.S. CONST. amend V.  The Supreme Court has interpreted the Fifth Amendment to preclude the Government from compelling anyone to provide any testamentary evidence.  See, e.g., United States v. Hubbell, 530 U.S. 27, 34-35 (2000).

However, the Supreme Court has also long held that "the compelled display of identifiable physical characteristics infringes on no interest protected by the privilege against compulsory self-incrimination." United States v. Dionisio, 410 U.S. 1, 5-6 (1973).  For example, defendants can be compelled to put on a shirt to see whether it fits. Holt v. United States, 218 U.S. 245, 252–53 (1910).  Likewise, defendants can be compelled to provide a blood sample to test for alcohol content. Schmerber v. California, 384 U.S. 757, 763–65 (1966).  Defendants can be compelled to submit to the taking of fingerprints or photographs. United States v. Wade, 388 U.S. 218, 223 (1967).  Defendants can be compelled to provide a voice exemplar so that witnesses can provide voice identification. Id. at 222–23.  Defendants can also be compelled to provide a handwriting

3

exemplar for comparison with handwriting already in evidence.  Gilbert v. California, 388 U.S. 263, 266–67 (1967).

Federal courts have extended this reasoning to require criminal defendants to display their tattoos for the purpose of identification.  See, e.g., United States v. Greer, 631 F.3d 608, 612 (2d Cir. 2011) (holding that the use of a tattoo to identify the defendant did not violate the Fifth Amendment); United States v. McGuire, ___ F. Supp. 3d ___, ___, 2019 WL 5727464, *2 (D. Mont. Nov. 5, 2019) (slip op.) (Compelling defendant to display the tattoos on arms and hands for identification purposes); United States v. Nixon, 2015 WL 4430176, *2 (E.D. Mich. July 20, 2015) ("[P]hotographing a defendant's tattoos for display to the jury or requiring a defendant [to] reveal his tattoos to a jury does not run afoul of the Fifth Amendment.")

Each of these compelled, and compellable, acts has a common denominator – they are physical characteristics about a person which can be provided without the person "giving testimony."  The Supreme Court has long distinguished between compelling a person to communicate something – a clear Fifth Amendment violation – and compelling a person to do something.  The latter does not violate the Fifth Amendment, even if the doing of that thing displays a physical characteristic which is, itself, incriminating to the defendant.  Hubbell, 530 U.S. at 35; see also United States v. Bay, 762 F.2d 1314, 1314-17 (9th Cir. 1984) (noting that tattoos are nontestimonial and, therefore, their display does not raise Fifth Amendment concerns).

Here, the United States is not going to ask Defendant any questions.  Rather, law enforcement officers will simply photograph Defendant's visible tattoos on his forearms and lower leg. Given that compelling Defendant to submit to having his tattoos photographed does not require him to testify against himself, there is no Fifth Amendment violation.

## **CONCLUSION**

The United States has a good-faith, evidentiary need to collect photographs of the tattoos on Defendant's arms and leg.  Compelling Defendant to submit to such photographs dos not implicate the Fourth Amendment because Defendant has no reasonable expectation of privacy in the designs tattooed on his skin.  Compelling Defendant to submit to such photographs does not violate the Fifth Amendment because the existence of a tattoo is not testimonial.

WHEREFORE, the United States respectfully requests that the Court issue the attached order compelling Defendant to submit to photography of the tattoos on his arms and hands by a law enforcement officer.

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
New York Bar No. 4444188

By:     */s/ James B. Nelson*
JAMES B. NELSON
D.C. Bar No. 1613700
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6986
james.nelson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

By: */s/ James B. Nelson*
JAMES B. NELSON
D.C. Bar No. 1613700
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6986
james.nelson@usdoj.gov