UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. Action No. 20-0109 (ABJ) |
| ) | |
| MICAH EUGENE AVERY, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

The defendant in this case is charged with destruction of government property, in violation of 18 U.S.C. § 1361, for allegedly applying spray paint to the Lincoln Memorial on May 30, 2020. Complaint [Dkt. # 1] at 1; Statement of Facts [Dkt. # 1-1] at 1–2. The United States has moved for an order compelling him to display the tattoos on his "forearms" and "right lower leg" to a law enforcement photographer. Gov't Mot. to Compel Def. to Display his Tattoos to a Law Enforcement Photographer [Dkt. # 26] ("Mot.") at 2, 4. The motion includes photographs of a male wearing shorts and a short-sleeved shirt with visible tattoos, identified by the government as defendant, wielding a can of spray paint in the vicinity of the monuments on that date. *See* Mot. at 1. Defendant did not respond to the motion within fourteen days, and the government filed a second motion asking "that the Court treat the United States' motion as conceded." Gov't Mot. for Order Granting its Pending Motion [Dkt. # 27] at 1. For the following reasons, the Court will grant the motion to compel, rendering the second motion moot.

The government argues that its request comports with the Fourth Amendment to the Constitution: "[d]efendant has no reasonable expectation of privacy in the designs tattooed on his skin." Mot. at 5. But even if some marginal invasion of privacy is involved, the D.C. Circuit has

held that "it is elementary that a person in lawful custody may be required to submit to . . . routine identification processes."  *Smith v. United States*, 324 F.2d 879, 882 (D.C. Cir. 1963) (citations omitted).  Following that reasoning, the government submits that any search involved in the procedure it requests "would be no more onerous than obtaining [d]efendant's fingerprints and, under the circumstances, would not be unreasonable."  Mot. at 2.  Furthermore, even if reporting to the police under the compulsion of a court order involves a momentary infringement of one's liberty, "temporary seizures to obtain identifying information, such as fingerprints, are permissible."  *Id.*, citing *Davis v. Mississippi*, 394 U.S. 721, 727 (1969).  Finally, the government asserts that submitting to the photographs would not violate the defendant's rights under the Fifth Amendment.

The Court agrees, particularly in the absence of any objection from the defendant.  The touchstone of the Fourth Amendment analysis is reasonableness.  *See Terry v. Ohio*, 392 U.S. 1, 9 (1968) ("[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures."), quoting *Elkins v. United States*, 364 U.S. 206, 222 (1960).  As the Supreme Court explained in *Maryland v. King*, the court is required "to weigh 'the promotion of legitimate governmental interests' against 'the degree to which the search intrudes upon an individual's privacy.'"  569 U.S. 435, 448 (2013) (brackets omitted), quoting *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999).

Applying those principles, the Supreme Court has found that considerably more invasive procedures, such as taking blood samples, *see Schmerber v. California*, 384 U.S. 757, 772 (1966), buccal swabs, *see Maryland v. King*, 569 U.S. at 465–66, or fingernail scrapings, *see Cupp v. Murphy*, 412 U.S. 291, 296 (1973), do not offend the Constitution.  While the Supreme Court in *Schmerber* emphasized that "[t]he integrity of an individual's person is a cherished value of our

society[,]" it described even the drawing of the defendant's blood as a "minor intrusion[] into an individual's body" that did not violate the Constitution. 384 U.S. at 772. Later, in *Winston v. Lee,* the Supreme Court reviewed its decision in *Schmerber.* It observed that one factor that bore on the reasonableness of the procedure under review is "the extent to which the procedure [could] threaten the safety or health of the individual[,]" and "[a]nother factor is the extent of intrusion upon the individual's dignitary interests in personal privacy and bodily integrity." 470 U.S. 753, 761 (1985).

Here defendant must simply make himself available to be photographed. There will be no physical intrusion into his body, and the tattoos the government has identified are not located in intimate locations that would normally be shielded from view. *See* Mot. at 1. The government is only asking to examine and make a record of identifying features which, as the photographs in the motion reveal, were publicly displayed by the alleged perpetrator of the offense on the date in question.

Weighed against the individual interest in this case is "the community's interest in fairly and accurately determining guilt or innocence." *Winston,* 470 U.S. at 762. Given the negligible invasion of privacy involved in taking photographs, and the government's legitimate interest in establishing the alleged offender's identity at trial, the Court finds that the request is reasonable under the circumstances.

The Court also agrees with the government that "the compelled display of identifiable physical characteristics infringes [on] no interest protected by the privilege against compulsory self-incrimination." Mot. at 3, quoting *United States v. Dionisio*, 410 U.S. 1, 5–6 (1973). Displaying tattoos for the purpose of identification is not a communication or assertion defendant is forced to make; it is merely documentation of defendant's physical state of existence. *See, e.g.,*

*United States v. Greer*, 631 F.3d 608, 612 (2d Cir. 2011) ("Because the exhibition of physical traits is not a 'communication by a witness that relates either express or implied assertions of fact or belief,' it does not enjoy constitutional protection [under the Fifth Amendment]."), quoting *United States v. Hubbell*, 530 U.S. 27, 35 (2000); *see also Holt v. United States*, 218 U.S. 245, 252–53 (1910) ("Another objection is based upon an extravagant extension of the [Fifth] Amendment . . . . But the prohibition of compelling a man in a criminal court to be witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material.").  There is no allegation that the photographs will be used for purposes other than identity that might implicate the Fifth Amendment.  The Court therefore finds that the Fifth Amendment does not apply.

It is **ORDERED** that defendant must submit to the photographing of the tattoos on his arms and right leg by the United States Park Police by January 15, 2021.

*Amy B Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE:  January 11, 2021