UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) ) | **Case: 20-cr-000109 (ABJ)** |
| v. | ) ) |  |
| **MICAH AVERY** | ) ) ) |  |

### Motion to Suppress Tangible Evidence and Memorandum of Points and Authorities In Support Thereof

Defendant, Micah Avery, through undersigned counsel, respectfully moves the Court pursuant to the Fourth Amendment to the United States Constitution, to suppress the use as evidence at trial, all tangible objects seized as the result of the unlawful search and seizure by officers of the United States Park Police ("USPP") at the entrance of the Vietnam Veterans' Memorial on May 30, 2020.[1]  Mr. Avery requests an evidentiary hearing on this motion.  In support of this motion, counsel submits the following.

### Factual Background

Mr. Avery is charged in a one-count indictment with Destruction of Government Property in violation of 18 U.S.C. § 1361.  The charge arose out of an incident that occurred on May 30, 2020.

On that date, undercover U.S. Park Police officers were dispatched around the city in response to citywide demonstrations against police brutality, most recently spurred by the killing of George Floyd while he was in police custody.  USPP officers were deployed to the Lincoln

---

[1] Counsel is unaware of any statements allegedly made by Mr. Avery or out-of-court identifications purportedly made of Mr. Avery pursuant to the arrest.

1

Memorial.  At some point on May 30, 2020, the officers believed they observed an individual spray painting the walls outside the Lincoln Memorial.  The officers waited for the individual to finish spray painting the wall and walk off.  Rather than apprehend him on the scene, the officers allowed the individual to walk off towards the Vietnam Veterans Memorial.

According to police reports, USPP officers alerted two USPP "motormen" who attempted to stop Micah Avery.[2]  They stopped and handcuffed Mr. Avery and searched him. In doing so, the officers seized from him a can of what was described by police to be spray paint and a cell phone.  Police reports allege that the officers observed a text message on the cell phone that said "I think they saw you tag."

The officers did not have a warrant authorizing them to seize Mr. Avery or search his person.  No exceptions to the Fourth Amendment apply so the entry, arrest and subsequent search of Mr. Avery, therefore, were unlawful.

## **Argument**

At the time that Mr. Avery was stopped, the police did not have a warrant for his arrest or reasonable articulable suspicion.  Probable cause is an essential prerequisite to an arrest. *Dunaway v. New York*, 442 U.S. 200, 213 (1979).  Mr. Avery was arrested at the point that the two motormen stopped him and handcuffed him.  At that point, the police did not have probable cause or reasonable articulable suspicion that Mr. Avery had committed a crime.  The warrantless arrest of Mr. Avery, therefore, was unlawful.  The evidence seized as a result of the illegal stop must be suppressed as the fruit of the unlawful arrest of Mr. Avery.  *Wong Sun v.*

---

[2] The government has provided a copy of the radio run that does not play.  The government will provide a copy but was unable to do so this week.

*United States*, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

The evidence also must be suppressed as a fruit of the unlawful warrantless search of Mr. Avery. The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted). Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment. *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *Katz v. United States*, 389 U.S. 347, 357 (1967). Here, the police officers did not have a search warrant to search Mr. Avery.

In addition, the government may contend that the police had reasonable articulable suspicion to stop Mr. Avery. First, this case involved an arrest and a search, not a stop and frisk. But in any case, the officers did not have reasonable articulable suspicion. "It is the government's burden to provide evidence sufficient to support reasonable suspicion justifying any stop." *United States v. Castle*, 825 F.3d. 625, 634 (D.C. Cir 2016) (citations omitted). "Under *Terry*, and its progeny, a police officer may perform a protective frisk if he has reason to believe, based on 'specific and articulable facts … taken together with rational inferences from those facts,' that 'he is dealing with an armed and dangerous individual.'" *United States v. Holmes*, 385 F.3d 786, 789 (D.C. Cir. 2004) (quoting *Terry v. Ohio*, 392 U.S. 21, 27 (1968). The officers did not have reasonable articulable suspicion that Mr. Avery and therefore had no basis to stop and search him.

Because Mr. Avery was not lawfully under arrest at the time of the search, there is no applicable exception to the warrant requirement.

Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. Avery must be suppressed.

## **Conclusion**

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Avery respectfully requests that this motion be granted and that the Court suppress the use as evidence of all items seized on May 30, 2020.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____

EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

4