**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 20-CR-109 (ABJ) |
| : | |
| **MICAH EUGENE AVERY,** : | |
| : | |
| **Defendant.** : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE AND REQUEST FOR AN EVIDENTIARY HEARING**

The United States of America, by and through the United Sates Attorney for the District of Columbia and undersigned counsel, hereby submits its opposition to Defendant's "Motion to Suppress Tangible Evidence" (hereinafter "Def. Motion"). (Docket Entry 30). As stated more fully below, Defendant's motion should be denied without a hearing.

**PROCEDURAL HISTORY**

On July 14, 2020, a federal grand jury sitting in the District of Columbia returned an Indictment charging Defendant with one count of Destruction of Federal Government Property, in violation of 18 U.S.C. § 1361. On September 18, 2020, Defendant appeared before this Court via video conference, pursuant to the CARES Act, and was released on his own recognizance pursuant to certain conditions. (Docket Entry 12). Based on counsel's request, the Court set a motions calendar and ordered Defendant to file his motion to suppress by January 15, 2021. Minute Entry, 10/20/2020. Defendant timely filed the instant motion to suppress tangible evidence. (Docket 30). This opposition follows.

**RELEVANT FACTS**

On May 30, 2020, two U.S. Park Police officers were working in the area of the Lincoln Memorial in a plainclothes capacity. At approximately 7:49 PM, Officer Fatokon observed an

1

individual, later identified as Defendant, apply black spray paint onto a stone surface at the bottom of the steps to the Lincoln Memorial, on the north side of the plaza level.



After applying the spray paint, Defendant with a group from the Lincoln Memorial eastward toward the Vietnam Veteran's Memorial. The U.S. Park Police Officers alerted two Officers in that area to stop Defendant at the Vietnam Veteran's Memorial. When Officers attempted to stop Defendant at the entrance to the Vietnam Veteran's Memorial Wall, Defendant fled on foot onto the grassy area on the north side of the wall – walking on the Vietnam Veteran's Memorial Wall itself. Defendant then jumped from the top of the wall to the gravel and stone path below and continued to flee on foot south into the grassy area before being apprehended.

Search incident to arrest, officers recovered a spray can of "Rust-oleum" Flat Protective Enamel from Defendant's right front pants pocket. A black Apple iPhone was also removed from Defendant's person at the time of arrest. Without opening or searching the phone, the officers observed text messages that were on the locked screen. These text messages include a text from a contact saved as "Russell" which read "You better get the fuck out of there" and "I think they saw you tag". Additionally, the screen showed a group text where someone wrote, "Front of steps to the right facing memorial," which is the location of the graffiti. Both the spray paint and black Apple iPhone were placed into evidence.



On June 12, 2020, United States Magistrate Judge Robin M. Meriweather signed Search Warrant 20-SW-147, authorizing Detective Sergeant Holmberg to search the black Apple iPhone for evidence of a crime.[1]  Detective Sergeant Holmberg was able to search the phone, but discovered no additional evidence of the crimes charged other than the text messages described above.

## ARGUMENT

Defendant's motion contains no factual analysis to support his claim that the evidence seized in this case – specifically, the spray paint and the iPhone. Rather, Defendant's motion rests exclusively on the conclusory argument that, at the time he was arrested, "the police did not have probable cause or reasonable articulable suspicion that [he] committed a crime." Def. Motion, at 2. This argument ignores the obvious – the officers in question saw Defendant commit the crime, and photographed him committing the crime. Given that Defendant's arguments in favor of suppression are without merit, his motion must fail. Moreover, as noted below, Defendant is not

---

[1] This search warrant was disclosed to Defendant as part of the initial discovery.

entitled to the evidentiary hearing he seeks because he has not alleged facts sufficient to trigger such a hearing.

**1.      The Officers Had Probable Cause to Arrest Defendant**

Here, there can be little doubt that the Park Police officers had probable cause to arrest Defendant. Probable cause to arrest requires proof that, at the time of the arrest, the officers had "'reasonable trustworthy information'" that was "'sufficient to warrant a prudent man in believing' that the suspect has committed or is committing a crime.'" Sherrod v. McHugh, 334 F. Supp. 3d 219, 238 (D.D.C. 2018) (quoting Smith v. United States, 843 F.3d 509, 515 (D.C. Cir. 2016); Wesby v. District of Columbia, 765 F.3d 13, 19 (D.C. Cir. 2014), rev'd on other grounds, 138 S.Ct. 577, 199 L.Ed.2d 453 (2018)).

Here, the officers' "reasonably trustworthy information" was what the fact that they saw Defendant apply spray paint to the Lincoln Memorial property with their own eyes, and captured that act in a photograph. Immediately thereafter, they saw (and photographed) Defendant walking away while still holding a can of black spray paint. They then attempted to stop and detain Defendant, at which point he fled. After a foot chase, the officers caught up with Defendant and placed him under arrest.

Even if the Court does not believe that the officers had probable cause to arrest Defendant for the crime they watched him commit, his attempt to flee provided separate reasonable articulable suspicion for them to chase, stop, and detain him. At the time Defendant took flight, the offices did not know if Defendant was in possession of narcotics or firearms, whether he was attempting to dispose of or destroy evidence in his possession, or whether he had active warrants for his arrest. The Supreme Court has repeatedly held that "nervous, evasive behavior is a pertinent factor in determining reasonable suspicion." Illinois v. Wardlow, 528 U.S. 119, 124 (2000) (citing Sokolow,

490 U.S. at 8-9; Florida v. Rodriguez, 469 U.S. 1, 6, (1984) (per curiam); United States v. Brignoni-Ponce, 422 U.S. 873, 885 (1975)).  As the Wardlow Court noted, "[h]eadlong flight—wherever it occurs—is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such." Id.

2. **The Officers' Search of Defendant Incident to Arrest was Lawful**

Given that the officers had sufficient probable cause to arrest Defendant, and did place him under arrest, their subsequent search of Defendant's person incident to arrest was also lawful. Arizona v. Gant, 556 U.S. 332, 338 (2009).  As the Supreme Court has long held, an officer conducting a search incident to arrest is warranted "to preserve evidence on [the defendant's] person for later use at trial." United States v. Robinson, 414 U.S. 218, 234 (1973) (citations omitted). Officers discovered a Here, both the can of spray paint and the Apple iPhone were immediately recognizable as having evidentiary value at trial. Moreover, in compliance with Supreme Court caselaw, the officers sought and obtained a search warrant before searching the iPhone. Riley v. California, 573 U.S. 373, 403 (2014).

3. **Defendant is not Entitled to an Evidentiary Hearing**

The D.C. Circuit has long held that "A defendant is entitled to an evidentiary hearing on his motion to suppress 'only upon factual allegations which, if established, would warrant relief.'" United States v. Thornton, 454 F.2d 957, 967 n. 65 (D.C.Cir.1971), quoted in United States v. Law, 528 F.3d 888, 903–04 (D.C. Cir. 2008) (emphasis added).  Defendant's motion rests on the conclusory assertions that the Officers had insufficient probable cause to arrest him and search him incident to arrest. Those assertions make no account for the fact that the Officers photographed him committing a crime.

Not only do the facts not support Defendant's motion, Defendant has failed to allege a single fact which, if true, would justify the suppression of evidence in this case. Rather, Defendant

5

simply argues, incorrectly, that the law does not permit the Officers to do what they did.  Thus, there is no stated factual discrepancy before the Court, and no basis for an evidentiary hearing.  Moreover, the law governing these issues is clear and well-settled.  An evidentiary hearing would do nothing to inform the Court as to the uncontested facts.

## CONCLUSION

WHEREFORE, Defendant's "Motion to Suppress Tangible Evidence and Request for an Evidentiary Hearing" should be DENIED without a hearing.

        Respectfully submitted,

        MICHAEL R. SHERWIN
        Acting United States Attorney
        New York Bar No. 4444188

By:    */s/  James B. Nelson*
        JAMES B. NELSON
        D.C. Bar No. 1613700
        Assistant United States Attorney
        Federal Major Crimes Section
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-6986
        james.nelson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel via the Electronic Case Filing (ECF) system, on January 29, 2021.

          By:    */s/ James B. Nelson*
                   JAMES B. NELSON
                   D.C. Bar No. 1613700
                   Assistant United States Attorney
                   Federal Major Crimes Section
                   555 4th Street, N.W.
                   Washington, D.C. 20530
                   (202) 252-6986
                   james.nelson@usdoj.gov