UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.                                              : | Case No. 20-CR-109 (ABJ) |
| : | |
| MICAH EUGENE AVERY,          : | |
| : | |
| Defendant.                      : | |

### UNITED STATES' BRIEF IN ADVANCE OF EVIDENTIARY HEARING

The United States of America, by and through the United Sates Attorney for the District of Columbia and undersigned counsel, respectfully submits this brief in advance of the evidentiary hearing to clarify the issues before the Court.

**1.      Basis of Defendant's Motion to Suppress**

Defendant's sole basis for suppression is that the officers lacked reasonable, articulable suspicion to perform a *Terry* Stop and, by extension, lacked probable cause for an arrest. (Docket Entry 30). It necessarily follows that testimony regarding events occurring after the evidence in question was seized, is irrelevant to Defendant's motion to suppress.

**2.      Events Leading Up To Defendant's Arrest**

On May 30, 2020, two U.S. Park Police officers were working in the area of the Lincoln Memorial in a plainclothes capacity to observe protests related to the murder of George Floyd. The officers heard, observed, and photographed an individual, later identified as Defendant, apply black spray paint onto a stone surface at the bottom of the steps to the Lincoln Memorial, on the north side of the plaza level.

The officers observed Defendant leave with the area with a group walking eastward toward the Vietnam Veteran's Memorial and requested that uniformed Park Police officers intercept Defendant at that location. When officers attempted to intercept Defendant at the entrance to the

Vietnam Veteran's Memorial Wall, Defendant ran onto the grassy area on the north side of the Wall, and then walked across the Vietnam Veteran's Memorial Wall itself before jumping down and running south away from officers. In an attempt to avoid the uniformed officers, Defendant ran directly into the plainclothes officers who identified themselves, ordered Defendant to the ground, handcuffed him, and placed him under arrest.

Search incident to arrest, officers recovered a spray paint can of "Rust-oleum" Flat Protective Enamel from Defendant's right front pants pocket. A black Apple iPhone was also removed from Defendant at the time of arrest. Without opening or searching the phone, the officers observed text messages that were on the locked screen. These text messages, which had been sent through Signal – a smartphone application that allows users to send and receive encrypted text messages which delete themselves –  included a text from "Russell" which read "You better get the fuck out of there" and "I think they saw you tag". Additionally, the screen showed a group text where someone wrote, "Front of steps to the right facing memorial," which is the location of the graffiti.  Both the spray paint and black Apple iPhone were placed into evidence.  On June 12, 2020, United States Magistrate Judge Robin M. Meriweather signed search warrant 20-SW-247, authorizing the search of the Apple iPhone recovered from Defendant's person.

**3.      Events Occurring After Defendant's Arrest**

After arresting Defendant, the officers walked him toward a patrol car that would transport him for processing. At that same time, a large crowd of protestors descended upon the officers. Upon seeing the crowd, Defendant – who had previously been walking with no assistance – went limp in the officers' hands.  Defendant refused commands to cooperate and remained limp, forcing officers to drag him to a squad car.

The crowd pushed and struck the officers, forcing them to the ground, and was eventually was able to pull Defendant free from the officers' grasp. Once freed of the officers, Defendant – who was still handcuffed – fled on foot.  Park Police and Metropolitan Police Department officers cleared the crowd and a lookout for Defendant was broadcast to surrounding units. Defendant was eventually located back at the Lincoln Memorial, still wearing handcuffs, and he was taken into custody without further incident.

4. **Proper Scope of the Suppression Hearing**

Though the events occurring after Defendant's arrest might have some relevance at trial, which the United States does not concede, they have no relevance at the suppression hearing. Undersigned counsel was notified that counsel for Defendant has subpoenaed officers whose only participation in the case was after Defendant was handcuffed and the property was seized.  On understanding and belief, Defendant is either: (a) attempting to use the suppression hearing to improperly depose potential trial witnesses; or (b) calling witnesses merely to impeach them. Neither basis is proper – particularly given that the witnesses will have no personal knowledge of the circumstances surrounding the seizure of evidence. The United States respectfully requests that the Court limit the scope of the suppression hearing to whether the evidence was lawfully seized and limit the presentation of witnesses to those who were present for the seizure.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

/// /// ///

/// /// ///

        Respectfully submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney
        D.C. Bar No. 415793

By:      <u>/s/ James B. Nelson</u>
        JAMES B. NELSON
        D.C. Bar No. 1613700
        Assistant United States Attorney
        Federal Major Crimes Section
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-6986
        james.nelson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel via the Electronic Case Filing (ECF) system, on May 10, 2021.

        By:    */s/ James B. Nelson*
                  JAMES B. NELSON
                  D.C. Bar No. 1613700
                  Assistant United States Attorney
                  Federal Major Crimes Section
                  555 4th Street, N.W.
                  Washington, D.C. 20530
                  (202) 252-6986
                  james.nelson@usdoj.gov