## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 20-CR-109 (ABJ)** |
| | **:** | |
| **MICAH EUGENE AVERY,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### UNITED STATES' STATUS REPORT REGARDING CELL PHONE VIEWING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Status Report regarding the efforts the government has made to provide the defendant with an opportunity to view the cell phone evidence in this case.

1.      On May 11, 2021, during a hearing on the defendant's motion to suppress, the defendant, during cross-examination of the government's witness, sought to expand the scope of the inquiry and sought to suppress the text messages that appeared on the face of the phone when it was seized.   The defendant also requested an opportunity to view the cell phone.

2.      Lacking any previous legal or factual articulation of this new issue regarding the text messages on the face of the phone, the Court ordered supplemental briefing from the parties with the government's submission due on May 18, 2021, and the defendant's reply due on May 25, 2021.

3.      Following the hearing, the Court issued a May 11, 2021 Minute Order stating that:

> In connection with an issue raised during the suppression hearing . . . the Court takes notice of the following link:   https://support.apple.com/en-us/HT208081. At this time, the record does not contain any statement from a person with knowledge of how and when the messages at issue in this case hearing were first viewed by any officer, or what if anything was done to make them available to be seen by the testifying officer when he directed that they be photographed. So in order to satisfy its burden to support their

introduction, the government must fill that gap in the facts. If the defense intends to continue to assert as fact that one must push a button or otherwise activate or unlock an Apple phone to be able to view text message notifications on a lock screen, and that, even if they were unopened, the messages would not appear on a lock screen 40 minutes after they were received, some evidence will be required. The submissions may include points and authorities concerning whether the viewing of the text messages required a warrant.

4.      The Court issued a subsequent Minute Order on May 13, 2021, that stated the following:

> The Court understands that "the defense position is that some action by Detective Lawson was necessary to bring the text message previews to appear on the lock screen," but it does not accept the bald assertion that it is "beyond common understanding" that messages could remain visible for 42 minutes. It may very well be "common understanding" that if they have never been opened, the message notifications re-appear automatically as soon as the phone is picked up, without any other action, even after 42 minutes. In any event, given the previous lack of clarity as to the location of the phone, and the questions that have been raised about how it operates, the government must permit the defense to examine it even though the hearing has already taken place. The defense may not re-set or re-program settings for how the phone handles and maintains text notifications.

5.      The government scheduled a date and time for the defendant to view the cell phone, on May 27, 2021, at 11:00 a.m.

6.      Undersigned government counsel contacted a representative at MPD's Evidence Control Branch and a representative of the United States Park Police regarding evidence viewing procedures.  Both representatives stated that during the viewing of evidence, in particular cell phones, individuals are permitted to inspect the front and back of the phone, however, individuals are not permitted to turn on the device.

7.      In light of these evidence control protocols, the undersigned government counsel made herself available to attend the viewing session so that she could authorize the evidence

technician to, in the presence of both parties, turn the cell phone on and show the parties all of the cell phones settings and allow the defense to take photographs as necessary.   The cell phone is the government's evidence and the government has an interest in ensuring the integrity of the evidence.   Accordingly, and in line with evidence viewing protocols, the government made special arrangements for this viewing.

8.      The viewing is scheduled for today, May 27, 2021.

9.      On May 26, 2021, counsel for the defendant stated that he did not agree to the presence of government counsel.   Undersigned government counsel informed defense counsel that she would provide counsel with a Viewing Letter for him to inspect the cell phone, however, as is standard protocol, without both parties present, the evidence technician would not permit the defense to turn on the cell phone or photograph the cell phone.   Undersigned government counsel informed the defense that she made special arrangements for the parties to jointly view the settings on the phone.

10.      In light of the defense position, the government asked the defense whether to cancel the May 27 viewing appointment.   On May 26, at 10:40 p.m., counsel for the defendant stated that he would no longer be viewing the evidence on May 27 and he was going to wait until he reviewed the cell phone extraction.

11.      The government agreed to provide the defendant with a copy of the cell phone extraction.   On May 26, a representative of the Federal Defender's Office provided the

government with an empty hard drive for the cell phone extraction.   The government will notify

defense counsel when the cell phone extraction copy is ready.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:  */s/   Amanda Fretto*
AMANDA FRETTO
JAMES B. NELSON
D.C. Bar No. 1018284
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7268
amanda.fretto@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel via the Electronic Case Filing (ECF) system, on May 27, 2021.


By:     */s/   Amanda Fretto*
        AMANDA FRETTO
        D.C. Bar No. 1018284
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-7268
        amanda.fretto@usdoj.gov