UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Case No. 20-cr-109 |
| MICAH AVERY. | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S REPONSE TO THE GOVERNMENT'S STATUS REPORT**

Undersigned counsel, on behalf of Micah Avery, respectfully submit a Response to the Government's Status Report, ECF 46.

On May 11, 2021, at a hearing on Mr. Avery's Motion to Suppress Evidence, the government presented Det. Holmberg to justify the stop, search and seizure of Mr. Avery and the evidence the government intended to produce. At the hearing, the government and Det. Holmberg informed the Court that the iPhone, one of the targets for suppression, had been returned to Mr. Avery. After the hearing, the government emailed counsel to inform him that Park Police was indeed in possession of the phone.

On May 13, 2021, the Court ordered that the government "***must permit*** the defense to examine [the iPhone] even though the hearing has taken place." The Order does not require or even consider the government's presence. In fact, taken as a whole the Order's intent is clear as it includes language that would be rendered unnecessary and superfluous if the Court intended the viewing to be conducted by both parties, *i.e.* that "Defense may not re-set or re-program

settings."[1]

On May 18, 2021, the government informed the defense that the evidence was at a Park Police evidence facility and requested the defenses' availability over the next two weeks and names of the investigator(s) who would be joining. The same day, the defense provided the names and requested that the letter "view and photograph" the evidence. On May 19th, the defense requested that the viewing be conducted on May 27th, if a date was required at all.

The following exchanges, in relevant part, occurred on May 26th, 2021.

- At 9:49 am, the government responded to the defense's May 19th request and agreed to have the viewing on May 27th. The government also informed the defense, for the first time, that Ms. Fretto would be present at the viewing.

- At 10:44 am, the defense advised the government that it would be objecting to the presence of a prosecutor but would agree to view and inspect the evidence in the presence of an evidence officer.

- At 3:55 pm, the government replied that the "normal protocol" would not allow you to turn on the phone or manipulate the phone in any way or photograph the phone and that as a result, "special arrangements" had been made. In other words, the government is asserting that a prosecutor would attend, not because it would prove any strategic benefit, but because it is the only way the defense would be allowed by Park Police evidence officers to turn on the iPhone because of "normal protocol."

- At 5:03 pm, the defense articulated the basis for its objection and informed the

---

[1] Moreover, a contrary reading of the Order would require the defense to conduct its investigation in the presence of the government, potentially violating work-product privilege and confidentiality obligations.

government, "We won't be viewing the evidence in your presence."

- At 10:05 pm, the government stated its disagreement with the defense's position and asked whether it should cancel the viewing appointment.

- At 10:40 pm, the defense reiterated his 5:03 response that the evidence viewing couldn't happen if the government was requiring that the prosecution observed the viewing.

On May 27, 2021, the government filed a Status Report, ECF 46. The Status Report and its representations relied upon conversations with "MPD's Evidence Control Branch and a representative of the United States Park Police regarding evidence viewing procedures," ECF 46 at 2. The defense requested the names of those individuals in order to follow up on those representations. Recognizing that every agency has its "normal" or "standard" procedures, the defense wished to inquire the circumstances under which "standard" procedures can be suspended. Also, counsel wished to learn whether that "representative" was in a position to provide the final determination or if a supervisor could be contacted, particularly in light of the Court Order.[2] The government refuses to provide the names of evidence technicians or property control clerks because, it claims, it believes that it is under no obligation to do so.

In continuous exchanges since May 26th, the government has consistently stated that it will not permit an evidence viewing for the settings of the phone unless a prosecutor can literally look over defense counsel's shoulder as he views the contents of the phone. The

---

[2] Counsel can also represent that he has, on numerous occasions, inspected the contents of phones outside the presence of the government, provided that permission be granted by the assigned prosecutor. Moreover, in dozens of evidence viewings attended by counsel, the evidence technician always defers to the instructions of a prosecutor.

defense believes that the government's position is in defiance to a clear directive from the Court.

The defense has informed the government that it intends to first view the contents of the extraction prior to deciding what next steps to take. However, the defense cannot view the contents of the iPhone under the terms set forth by the government without potentially running afoul of his ethical obligations, violating work product or other potential privileges held by Mr. Avery.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Ave., NW
Suite 550
Washington, DC 20004
(202) 208-7500
eugene_ohm@fd.org