**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. Action No. 20-0109 (ABJ) |
| ) | |
| MICAH EUGENE AVERY, JR., ) | |
| ) | |
| Defendant. ) | |

**SCHEDULING ORDER**

After considering the matters discussed at the status conference held in this case on October 18, 2021, the Court established the following schedule:

1) **Motions in limine** on behalf of either party, including any motions to introduce evidence under Fed. R. Evid. 404(b), must be filed by December 8, 2021. Oppositions are due December 22, 2021, and replies are due January 5, 2022.

2) The parties must jointly file a single **Joint Pretrial Statement** by January 6, 2022.

3) Electronic and paper copies of all exhibits must be delivered to chambers and to the Deputy Clerk in the format set out below by January 7, 2022.

4) The **pretrial conference** was to be held on January 19, 2022 at 2 p.m. in Courtroom 3.

5) **Jury selection** was set to commence on January 20, 2022 at 9:30 a.m. in the Ceremonial courtroom.

6) **Trial** was set to commence on January 31, 2022 at 9:30 a.m. in Courtroom 3.

Since that time, the Court has been informed that due to conflicts on the Master Trial Calendar and the priorities to be accorded various cases, another criminal case with a detained defendant (also assigned to this Court) was moved to those dates. **Therefore, the Pretrial Conference will be rescheduled for January 13, at 2:00 p.m.** The trial schedule will remain in

1

place, but the parties should take note that this case is now set only as a back-up if the other matter does not go forward as scheduled. If this case ultimately cannot be tried as previously scheduled, the Court will establish a new schedule at that time. However, if changes are made to the Court's operating plan that open up more dates and locations for jury selection and trial, the Court will promptly contact the parties to see if they would prefer setting the matter for a date certain at another time.

Any motion to extend a date for the submission of a pleading to the Court must be filed at least two business days before the date to be extended.

All pleadings must conform to the requirements concerning formatting and fonts set forth in Local Civil Rule 5.1(d).

## JOINT PRETRIAL STATEMENT

The Joint Pretrial Statement must include:

a)    a concise **joint statement of the case** for the Court to read to prospective jurors;

b)    an **estimate of the number of days** the trial is anticipated to last;

c)    a list of all outstanding **motions in limine**;

d)    **proposed *voir dire* questions** (which must be in the form of yes or no questions in accordance with the attached description of the Court's Criminal Voir Dire Procedure) that indicate:

    i.    the *voir dire* questions on which the parties agree; and

    ii.   the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

e)    **proposed jury instructions** that indicate:

      i.     the instructions on which the parties agree; and

      ii.     the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority.

      iii.     Any agreed or proposed instructions contained in the Standardized Criminal Jury Instructions for the District of Columbia must not be separately provided but should be identified by number.  Any other proposed instructions must be provided to the Court in their entirety and should be formatted so that each individual jury instruction begins on a new page, with the source and supporting authority noted at the bottom of the page, followed by any objections and the grounds therefor.

f)     **a list of witnesses or potential witnesses** (to be read to the jury in connection with voir dire);

g)     **a list of expert witnesses**, if any, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

h)     **a list of prior convictions**, if any, that the government intends to use for impeachment or any other purpose, followed by any specific objections to that use;

i)     **a list of exhibits** that each party intends to offer during trial **that identifies each exhibit by number and specifies those exhibits to which there is an objection, and the basis for the objection**, *e.g.*, "hearsay," or "F.R.E. 403," without further argument;

      Exhibits will be presumed authentic unless an objection to their authenticity is noted on the Joint Pretrial Statement.  The exhibit list shall be a separate attachment to the Joint Pretrial Statement.

      Any objections on completeness grounds pursuant to F.R.E. 106 must be noted in the exhibit list, and the party seeking to require the introduction of any other part of a writing or recorded statement must provide a copy of the material the party maintains in fairness ought to be considered at the same time on the date the exhibits are delivered to chambers.

j)     any **stipulations**, signed by counsel and the defendant;

k)     a list of any **matters of which the parties seek the Court to take judicial notice**, along with the proposed language; and

l)     **a proposed verdict form**, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson. The verdict form should also be a separate attachment to the Joint Pretrial Statement.

**Format of Exhibits**

Counsel for each party must deliver to chambers copies of all exhibits the party will seek to introduce – pre-marked with their exhibit numbers – in electronic form on a thumb drive (or multiple thumb drives) **and** in paper form in a binder (or set of binders) divided by numbered tabs with table of contents for each binder.

A second set of the thumb drives containing the exhibits in electronic form must be delivered to the Court's Deputy Clerk.

For the electronic copies, exhibits must be saved as a separate PDF labeled by exhibit number and short description (for example, Def's Ex. 27, Email of 11/28/2006). For the paper copies, exhibits in binders must be divided by numbered tabs, with a table of contents in each binder. Binders may not be larger than 3 inches. Exhibit binders must be labeled on both the front and the spine of the binder with the name of the party, volume number, and the numbers of the exhibits found inside. (For example: Defendant's Exhibits Vol. I, Ex. 1 – 27).

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE:  October 26, 2021

## **Criminal Voir Dire Procedure**

- The Court will read all of the voir dire questions and potential jurors will record the numbers of any questions to which they have answers on notecards provided by the Court.

- Jurors will all be moved from the courtroom to another location and those who have indicated that they have answers will then provide their answers on an individual basis from the witness stand. The Court will ask follow up questions and provide counsel with an opportunity to propose reasonable additional follow up.

- Once at least thirty-two jurors have been qualified, all other jurors will be excused. Jurors struck for cause will be excused at that time.

- The qualified jurors will be seated in the well of the courtroom in order of their juror numbers and will remain there throughout the process.

- The parties may use their strikes on any of the qualified jurors, not just the first twelve. The parties will alternate, and since the government is entitled to six strikes and defendant is entitled to ten, the striking will proceed as follows:

    For the first four rounds, the government may strike one juror, and the defendant may strike two;

    For rounds five and six, the government and the defendant may each exercise one strike.

- If one party passes – that is, chooses not to strike any of the qualified jurors seated in the courtroom – that party has signaled that it is satisfied with the entire panel, and it may not resume striking even if the other party has not yet exhausted its strikes.

- If both parties pass in the same round, the process of selecting the 12 jurors will be over.

- Once both parties have passed or exhausted their strikes, the first twelve jurors remaining will be designated as the jury of twelve.  The jurors in positions thirteen and fourteen will be designated – to counsel and the Court -- as the alternates.

- The parties may then each exercise one strike for the alternates, with the government striking first.

- Any Batson challenges that have not been previously raised should be raised at this time.

- Once all process has been completed, the Court will seat the first fourteen qualified jurors.  The identity of the alternates will not be disclosed to the jurors.