UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| | ) | Case: 20-cr-000109 (ABJ) |
| v. | ) ) ) | |
| MICAH AVERY | ) ) ) | |

**MICAH AVERY'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE**

Micah Avery, through his attorney, respectfully submits this Motion *in Limine* requesting that this Court preclude the government from introducing photographs of four incoming text messages from unidentified declarants found on Mr. Avery's phone. Because the text messages are only relevant if introduced to prove the truth of the matter asserted, they constitute inadmissible hearsay under Federal Rule of Evidence 802

**Factual History**

On May 30, 2020, undercover U.S. Park Police ("USPP") officers were dispatched around Washington, D.C. in response to citywide demonstrations against police brutality spurred by George Floyd's murder in police custody. At about 7:40 PM on May 30, 2020, USPP officers believed they observed an individual spray painting the walls outside the Lincoln Memorial, and alerted two USPP "motormen," who then apprehended Micah Avery. *See* Exhibit A.

After apprehending Mr. Avery, officers seized and photographed a cell phone displaying four incoming text messages. *See* Exhibit B. Taken at 8:44 PM, the photograph displayed one text message in a group chat from an unidentified +1 202-823-6553 number, received forty-seven minutes prior, writing "[w]here in the crowd are y'all." *Id.* One minute later, an

1

unidentified +1 978-460-3703 number responded in the same group chat, writing "[f]ront of steps to the right facing memorial." *Id.*  The photograph taken by USPP officers also contained two text messages—both received forty one minutes prior—from a sender named "Russell" noting: (1) "I think they saw you tag;" and (2) "You better get the fuck out of here." *Id.*

**Argument**

1. **If the photograph of the two group text messages is introduced to prove Mr. Avery was "to the right facing [the] memorial" at the time it was received, the text message constitutes inadmissible hearsay.**

At 7:57 PM on May 30, 2020, Mr. Avery's phone received an incoming text message in a group chat titled "Let's Camp" from an unidentified phone number asking "where in the crowd are y'all." *Id.*  One minute later, a separate unidentified phone number sent a text message to the same group chat stating "front of steps to the right facing memorial." *Id.*  These two senders remain unidentified and unavailable, and no text messages originating from Mr. Avery's phone appeared on the screen.

Hearsay is defined as a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted.  Fed. R. Evid 801(c).  A statement is defined as a person's oral assertion, written assertion, or nonverbal conduct, if intended as an assertion.  Fed. R. Evid. 801(a).  Barring an exception, hearsay is considered presumptively unreliable and is therefore inadmissible at trial.  Fed. R. Evid. 802.  Additionally, the hearsay rules are specifically designed to prevent statements lacking indicia of reliability from entering into evidence.  *See Singletary* v. *Reilly*, 452 F.3d 868, 874 (D.C. Cir. 2006) (excluding statements where "two hearsay declarants were never cross-examined on the issue of [defendant's] involvement. . . nor were their identities even revealed for the purposes of evaluating their credibility"); *Crawford* v. *Jackson*, 323 F.3d 123, 130 (D.C. Cir. 2003) ("detail[] [is] an indicia of

reliability"). As a result, courts prefer testimony to be in open court, under oath, and subject to cross-examination. 2 McCormick On Evid. § 245 (8th ed.).

Although the first incoming message, "where y'all at," is not a statement because it is not intended as an assertion, the second incoming message is a statement if introduced to prove that the unidentified declarant and members of the group chat—including presumably Mr. Avery— were indeed "to the right facing [the] memorial" at that time. If the government seeks to introduce the two incoming group text messages to demonstrate Mr. Avery was "to the right facing [the] memorial" at the time the message was received, the Court should preclude admission because the second incoming text message is hornbook inadmissible hearsay. Because the government has not presented any information demonstrating: (1) the declarant's identify; (2) whether Mr. Avery was with the declarant at the time this message was sent; and (3) what memorial the declarant was discussing, the statement lacks indicia of reliability and sufficient detail. The hearsay rules are precisely designed to prevent such unreliable statements from entering into evidence.

2. **If the photograph of the two text messages from "Russell" are introduced to prove Mr. Avery "tag[ed]," the photograph contains inadmissible hearsay.**

At 8:03 PM on May 30, 2021, Mr. Avery's phone received two incoming text messages from a sender listed as "Russell." *See* Exhibit B. The first incoming text message stated "I think they saw you tag" and the second text message stated "[y]ou better get the fuck out of here." *Id*. The government has not identified "Russell," who remains unidentified and unavailable, and no text messages originating from Mr. Avery's phone appear on the screen.

As noted above, hearsay is an out of court statement, made by one other than the declarant, introduced to prove the truth of the matter asserted. Without an exception, hearsay is inadmissible at trial because it lacks "adequate indicia of reliability." *Ohio* v. *Clark*, 576 U.S. 237, 243 (2015) (quoting *Ohio* v. *Roberts*, 448 U.S. 56, 66 (1980)).

To the extent the government seeks to introduce the two text messages from "Russell" to prove the truth of the matter asserted—that Mr. Avery "tagged"—they should be excluded as inadmissible hearsay. Although the government may contend that the text messages from "Russell" are subject to a hearsay exception, these arguments should likewise be rejected.

      **a. The text messages should not be admitted under the present sense impression exception.**

First, the government may argue the text messages convey the declarant's present sense impression of the events. To prove a present sense impression the government must establish that the statement was made "while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). To satisfy these requirements, this Court has previously held that a party seeking admission must lay a proper foundation, that is, the party must prove that the statement: (1) describes or explains an event or condition; (2) which the declarant perceived firsthand; and (3) was made contemporaneously with the event or condition perceived. *United States v. Wills*, No. 18-0117, 2018 WL 6716096, at *3 (D.D.C. Dec. 21, 2018).

Under the second prong, the government must establish the declarant perceived the events first hand. However, in the sender's first text message, the sender caveats the statement with "I think;" there is no further information to ascertain whether the sender witnessed the events described first hand. In addition, the government cannot demonstrate that "Russell's" text messages were sent contemporaneously with the event perceived because the texts were sent over twenty minutes *after* USPP officers allegedly witnessed an individual spray painting the memorial's plinth; while Mr. Avery's arrest warrant noted officers observed the spray painting at approximately 7:40 PM, "Russell" did not send these texts until 8:03 PM. This fact alone is enough to preclude admission as a present sense impression.

The rationale behind excluding hearsay—to prohibit statements lacking indicia of reliability from entering into evidence—is particularly poignant here. Because the Court cannot assess whether the declarant actually witnessed the act described or reported the event contemporaneously, the statement lacks the reliability necessary to be admitted into evidence. For this reason, the text messages from "Russell" should be excluded as hearsay.

### b. The text messages should not be admitted under the excited utterance exception.

Next, the government may argue that "Russell's" text messages constitute an excited utterance. An excited utterance is defined as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." *United States* v. *Morrow*, No. 04-355CKK, 2005 WL 3163803, at *2 (D.D.C. June 9, 2005) (quoting Fed. R. Evid. 803(2)). To be admitted as an excited utterance, the proponent of the hearsay must lay the proper foundation. Here, the government must prove "(1) the occurrence of a startling event; (2) that the declarant made the statement while under the stress of excitement caused by the event; and (3) that the declarant's statement relates to the startling event." *United States* v. *Alexander*, 331 F.3d 116, 122 (D.C. Cir. 2003) (citing *United States* v. *Brown*, 254 F.3d 454, 458 (3d. Cir. 2001)).

Any attempt to argue "Russell's" text messages constitutes an excited utterance should be rejected for three reasons. First, the government cannot identify the "startling event" that spurred the text messages without conjecture because nothing in the texts alone identify a startling event. Second, the government cannot definitively tie the "startling event" to the declarant's statement as required under *Alexander*. Indeed, because "Russell's" text messages were sent twenty minutes *after* the USPP witnessed the spray painting, "Russell's" first text—"I think they saw you tag"—is likely unrelated to whatever "startling event" the government may attempt to argue occurred.

5

Third, the logic behind "Russell's" second text—"[y]ou better get the fuck out of here"—is itself indicative of a statement that is not an excited utterance. It is, rather, a statement requiring reflection, deliberation, and the formation of an opinion. Instead of emoting, the text reflected a calculated suggestion that the recipient leave the premises. The simple inclusion of profanity is insufficient to render a statement an excited utterance.

As a result, any attempt to introduce "Russell's" text messages into evidence to prove Mr. Avery "tagged" constitutes textbook inadmissible hearsay not subject to any exception. Therefore, the Court should preclude their admission at trial.

## Conclusion

For the reasons set forth above, Mr. Avery respectfully requests that this motion be granted and that the government be precluded from introducing the photograph of incoming text messages on Mr. Avery's phone.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500